IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SCRUGGS LAW FIRM, P.A., and
RICHARD F. SCRUGGS                                                          PLAINTIFFS

v.                                               CIVIL ACTION NO: 3:08cv73-D-A

ZUCKERMAN SPAEDER LLP                                                       DEFENDANT

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Scruggs Law Firm, P.A. ("Scruggs Law Firm"), and Richard F. Scruggs ("Scruggs") (collectively, "Plaintiffs"), as parties in interest to this controversy, file this Complaint for Declaratory Relief pursuant to Fed.R.Civ.P. 57 and 28 U.S.C. § 2201 against Defendant Zuckerman Spaeder LLP ("Defendant" or "Zuckerman"). In support, Plaintiffs state as follows:

### PARTIES

1. Scruggs Law Firm is a Mississippi professional corporation with its principal place of business located in Oxford, Lafayette County, Mississippi.

2. Scruggs is an adult resident of Oxford, Lafayette County, Mississippi.

3. a. Zuckerman is a District of Columbia limited liability partnership with its principal place of business in Washington, D.C.

   b. Zuckerman may be served with process by delivering the Summons and a copy of the Complaint to its registered agent for service of process, Marshall S. Wolff, Esq., 1800 M Street, Northwest; Suite 1000, Washington, DC 20036.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to U.S. Const. Art. III § 2, cl. 1, 28 U.S.C. § 1332, and 28 U.S.C. § 2201.

5. Venue of this civil action is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

6. In the summer or fall of 2007, Zuckerman entered into an agreement to represent Cori Rigsby and Kerri Rigsby in litigation pending in Alabama and other matters.

7. The retention letter agreement contained a provision that Zuckerman would invoice its fees and expenses to and be paid by Scruggs Katrina Group, a Mississippi joint venture ("SKG"), in which Scruggs Law Firm was a member at the time.

8. In September and October of 2007, Zuckerman submitted invoices for its legal services on behalf of the Rigsbys. Per instructions from SKG and/or its representative(s), Zuckerman mailed these invoices to Scruggs Law Firm for payment on behalf of SKG. Scruggs Law Firm paid the invoices and sought reimbursement from SKG.

9. In early December of 2007, Scruggs Law Firm's membership in SKG terminated. Shortly thereafter, upon receipt of invoices from Zuckerman, Scruggs Law Firm notified Zuckerman that Scruggs Law Firm was no longer a member of SKG and was no longer responsible for any part of SKG's expenses.

10. Zuckerman continued to provide legal services to the Rigsbys and submitted additional invoices for its legal services after Scruggs Law Firm's dissociation from SKG.

11. Scruggs Law Firm received some of those invoices and promptly forwarded them to the Katrina Litigation Group, the successor in interest to SKG without Scruggs Law Firm as a member.

12. Beginning in January of 2008, Zuckerman began demanding payment of the outstanding invoices.

13. Subsequently, Zuckerman began demanding payment directly from Scruggs Law Firm and/or Scruggs, personally and individually, for all or part of the amounts allegedly owed.

14. The total amount due Zuckerman, as reflected on the last invoice about which Plaintiffs are aware, is $1,717,333.16. However, Plaintiffs understand that Zuckerman has obtained substantial payment on the outstanding balance.

## COUNTS OF REQUESTED DECLARATORY RELIEF

15. Pursuant to 28 U.S.C. § 2201, Plaintiffs respectfully request this Court to declare the rights and other legal relations of the parties regarding the following issues:

### I.

16. Scruggs Law Firm never entered into a contract or agreement of any kind with Zuckerman.

17. Scruggs Law Firm paid invoices to Zuckerman on behalf of SKG.

18. Therefore, Scruggs Law Firm has no responsibility greater than the other members of SKG to pay any liabilities of SKG, including, but not limited to, the alleged amounts due to Zuckerman.

### II.

19. Scruggs Law Firm dissociated from the Partnership in early December of 2007.

20. At the time of the dissociation, Scruggs Law Firm had paid all invoices received from Zuckerman.

3

21. Pursuant to the Mississippi Uniform Partnership Act, Miss. Code Ann. § 79-13-101 *et seq.*, Scruggs Law Firm is not liable for the debts of SKG after that date.

22. Therefore, Scruggs Law Firm has paid in full any and all indebtedness to Zuckerman for which it could be held liable.

### III.

23. In its invoices, Zuckerman reflects hourly rates as much as four times the customary fees for the legal work it allegedly performed.

24. Zuckerman's fees are exorbitant, in light of the following factors used to determine the reasonableness of attorneys fees and related expenses: (i) the time and labor required; (ii) the novelty and difficulty of the questions; (iii) the skill requisite to perform the legal service properly; (iv) the preclusion of employment by the attorney due to acceptance of the case; (v) the customary fee; (vi) whether the fee is fixed or contingent; (vii) time limitations imposed by the client or the circumstances; (viii) the amount involved and the results obtained; (ix) the experience, reputation, and ability of the attorneys; (x) the "undesirability" of the case: (xi) the nature and length of the professional relationship with the client; and (xii) awards in similar cases.

25. Therefore, in the light of the unreasonableness of Zuckerman's fees and expenses charged to the Rigsbys, Scruggs Law Firm should not be required to pay any further monies to Zuckerman.

### IV.

26. Scruggs is not and has never been a member in SKG.

27. Scruggs and/or Scruggs Law Firm did not frustrate the legitimate expectations of Zuckerman regarding the entity to whom it should look for contract performance or show any disregard for corporate formalities of Scruggs Law Firm.

28. Therefore, Zuckerman is not entitled, in law or in equity, to any recovery whatsoever from Scruggs, personally and/or individually.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Court enter judgment declaring the following:

a. Scruggs Law Firm has no responsibility greater than the other members of SKG to pay any indebtedness of SKG, including, but not limited to, the alleged amounts owed to Zuckerman;

b. Scruggs Law Firm has paid to Zuckerman in full any and all indebtedness for which it could be held liable;

c. Zuckerman's fees are unreasonable pursuant to applicable standards;

d. Zuckerman is not entitled, in law or in equity, to any recovery whatsoever from Scruggs, personally and/or individually; and

e. any other relief that the Court deems just and equitable under the circumstances.

THIS, the ___ day of July, 2008.

Respectfully submitted,

SCRUGGS LAW FIRM, P.A. and
RICHARD F. SCRUGGS

J. CAL MAYO, JR. (MB NO. 8492)
POPE S. MALLETTE (MB NO. 9836)
*THEIR ATTORNEYS*

OF COUNSEL:

MAYO MALLETTE PLLC
2094 Old Taylor Road
5 University Office Park
Post Office Box 1456
Oxford, Mississippi 38655
Telephone: (662) 236-0055
Facsimile: (662) 236-0035