IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


SCRUGGS LAW FIRM, P.A.
AND RICHARD F. SCRUGGS                                      PLAINTIFFS

V.                                                   3:08CV73-D-A

ZUCKERMAN SPAEDER LLP                                       DEFENDANT


## ANSWER, DEFENSES AND COUNTERCLAIM OF ZUCKERMAN SPAEDER LLP

**COMES NOW** Zuckerman Spaeder LLP (hereinafter "Zuckerman Spaeder"), by and through counsel, and responds to the Complaint for Declaratory Relief filed against it herein and further submits a counterclaim against Scruggs Law Firm, P.A. (hereinafter "Scruggs Firm") and Richard F. Scruggs, individually (hereinafter "Scruggs"), in the above matter as follows.

In this answer and counterclaim, Zuckerman Spaeder demonstates, among other things, that Scruggs and Scruggs Firm unambiguously promised to pay Zuckerman Spaeder's legal fees and expenses for representing Cori and Kerri Rigsby, who were clients and employees of Scruggs and his law firm and also witnesses both in civil and criminal contempt matters concerning Scruggs and Scruggs Firm and in numerous civil lawsuits in which Scruggs and his firm had an economic interest as plaintiffs' counsel working for contingent fees. Scruggs and Scruggs Firm

Dockets.Justia.com

confirmed that promise to Zuckerman Spaeder and to a federal court in Alabama which had reason to inquire concerning the promise. Scruggs and his firm have no excuse for backing out of that promise now. Accordingly, this Court should enter a judgment requiring Scruggs and his firm to pay what they owe.

## ANSWER AND DEFENSES

### FIRST DEFENSE

The Complaint for Declaratory Relief was filed by Scruggs and Scruggs Firm in anticipation of a contract damages action to be filed by Zuckerman Spaeder, notice of which was given by Zuckerman Spaeder to Scruggs and Scruggs Firm who then asked for and received a deferral of the filing of the damages action, and, thus, the Complaint for Declaratory Relief fails to state a claim upon which relief can be granted and should be dismissed.

### SECOND DEFENSE

The relief sought by Scruggs and Scruggs Firm in the Complaint for Declaratory Relief is barred by the doctrines of equitable estoppel and waiver and by the clean hands doctrine.

### THIRD DEFENSE

Without waiving any affirmative defense or other claim or right set forth herein, and answering the Complaint for

Declaratory Relief, paragraph by paragraph, Zuckerman Spaeder says:

**1.**

On information and belief, the allegations of Paragraph 1. of the Complaint for Declaratory Relief are admitted.

**2.**

The allegations of Paragraph 2. of the Complaint for Declaratory Relief are admitted.

**3.**

It is admitted that Zuckerman Spaeder is a Maryland limited liability partnership with its principal place of business in Washington, D.C. and that Zuckerman Spaeder may be served with process through its agent for service, Marshall S. Wolff, Esq., 1800 M. Street Northwest, Suite 1000, Washington, D.C. 20036. Each and every allegation of Paragraph 3. of the Complaint for Declaratory Relief, including subparagraphs a. and b., inclusive, not expressly admitted is hereby denied.

**4.**

It is admitted that this Court has subject matter jurisdiction over the alleged cause of action set forth in the Complaint for Declaratory Relief. Each and every allegation of Paragraph 4. of the Complaint for Declaratory Relief not expressly admitted is hereby denied.

**5.**

It is admitted that this Court is a proper venue for the alleged cause of action set forth in the Complaint for Declaratory Relief. Each and every allegation of Paragraph 5. of the Complaint for Declaratory Relief not expressly admitted is hereby denied.

**6.**

It is admitted that, in August of 2007, Scruggs and Scruggs Firm requested Zuckerman Spaeder to provide legal representation to Cori Rigsby and Kerri Rigsby in pending litigation in Alabama federal court and in other matters. It is further admitted that Zuckerman Spaeder entered into a letter agreement for representation with the Rigsby sisters which was ratified and acknowledged by Scruggs and Scruggs Firm. Each and every allegation of Paragraph 6. of the Complaint for Declaratory Relief not expressly admitted is hereby denied.

**7.**

It is admitted that Scruggs Katrina Group, a Mississippi joint venture (hereinafter "SKG"), Scruggs, and Scruggs Firm agreed to pay Zuckerman Spaeder for all fees and expenses associated with representation of Cori and Kerri Rigsby. Each and every allegation of Paragraph 7. of the Complaint for Declaratory Relief not expressly admitted is hereby denied.

**8.**

It is admitted that Scruggs and Scruggs Firm paid (without protest or objection) invoices from Zuckerman Spaeder, including invoices from September and October of 2007, for fees and expenses incurred in representing the Rigsby sisters. Each and every allegation of Paragraph 8. of the Complaint for Declaratory Relief not expressly admitted is hereby denied.

**9.**

It is admitted that Scruggs and Scruggs Firm did not pay due and owing invoices from Zuckerman Spaeder for fees and expenses associated with the firm's representation of Cori and Kerri Rigsby, beginning with the November, 2007, invoice. Zuckerman Spaeder is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 9. of the Complaint for Declaratory Relief regarding the termination of participation by Scruggs or Scruggs Firm in SKG, and thus, denies the same. Each and every allegation of Paragraph 9. of the Complaint for Declaratory Relief not expressly admitted is hereby denied.

**10.**

It is admitted that Zuckerman Spaeder provided appropriate counsel to and representation of the Rigsbys and properly submitted invoices for its fees and expenses associated

therewith to Scruggs and Scruggs Firm. Each and every allegation of Paragraph 10. of the Complaint for Declaratory Relief not expressly admitted is hereby denied.

**11.**

Zuckerman Spaeder is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 11. of the Complaint for Declaratory Relief, and thus, denies the same.

**12.**

It is admitted that Zuckerman Spaeder properly demanded payment for outstanding and past due invoices associated with its representation of Cori and Kerri Rigsby to Scruggs, Scruggs Firm, and SKG. Each and every allegation of Paragraph 12. of the Complaint for Declaratory Relief not expressly admitted is hereby denied.

**13.**

It is admitted that Zuckerman Spaeder properly demanded payment for outstanding and past due invoices associated with its representation of the Rigsby sisters to Scruggs, Scruggs Firm, and SKG. Each and every allegation of Paragraph 13. of the Complaint for Declaratory Relief not expressly admitted is hereby denied.

**14.**

It is admitted that two (2) SKG joint venturers have agreed to pay Zuckerman Spaeder $750,000.00 of the total outstanding balance of billed fees and expenses owed to Zuckerman Spaeder to be applied, by agreement, to the firm's latest invoices first. Each and every allegation of Paragraph 14. of the Complaint for Declaratory Relief not expressly admitted is hereby denied.

**15.**

The allegations of Paragraph 15. of the Complaint for Declaratory Relief are each and severally denied.

**16.**

The allegations of Paragraph 16. of the Complaint for Declaratory Relief are each and severally denied.

**17.**

It is admitted that Scruggs and Scruggs Firm paid (without protest or objection) invoices from Zuckerman Spaeder for fees and expenses incurred in representing Cori and Kerri Rigsby. Each and every allegation of Paragraph 17. of the Complaint for Declaratory Relief not expressly admitted is hereby denied.

**18.**

The allegations of Paragraph 18. of the Complaint for Declaratory Relief are each and severally denied.

**19.**

Zuckerman Spaeder is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 19. of the Complaint for Declaratory Relief, and thus, denies the same.

**20.**

Zuckerman Spaeder is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 20. of the Complaint for Declaratory Relief, and thus, denies the same.

**21.**

The allegations of Paragraph 21. of the Complaint for Declaratory Relief are each and severally denied.

**22.**

The allegations of Paragraph 22. of the Complaint for Declaratory Relief are each and severally denied.

**23.**

The allegations of Paragraph 23. of the Complaint for Declaratory Relief are each and severally denied.

**24.**

The allegations of Paragraph 24. of the Complaint for Declaratory Relief are each and severally denied.

**25.**

The allegations of Paragraph 25. of the Complaint for Declaratory Relief are each and severally denied.

**26.**

The allegations of Paragraph 26. of the Complaint for Declaratory Relief are each and severally denied.

**27.**

The allegations of Paragraph 27. of the Complaint for Declaratory Relief are each and severally denied.

**28.**

The allegations of Paragraph 28. of the Complaint for Declaratory Relief and the unnumbered paragraph and subparagraphs a. through e. thereunder, inclusive, are each and severally denied. Further, Zuckerman Spaeder denies that Scruggs and Scruggs Firm are entitled to any judgment against it or relief in any form.

## COUNTERCLAIM

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Zuckerman Spaeder submits the following counterclaim for money damages against Scruggs and Scruggs Firm.

## JURISDICTION

### I.

This Court maintains subject matter jurisdiction over the controversy at issue in the Complaint for Declaratory Relief filed by Scruggs and Scruggs Firm, and thus, the counterclaim advanced herein by Zuckerman Spaeder against Scruggs and Scruggs Firm requires no new jurisdictional support and can be asserted under Rule 13 of the Federal Rules of Civil Procedure. In any event, the counterplaintiff (Zuckerman Spaeder) and all counterdefendants (Scruggs and Scruggs Firm) are citizens of different states, and the amount in controversy in the counterclaim exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## FACTS

### *The Rigsbys and Scruggs and Scruggs Firm*

### II.

Beginning in the first quarter of 2006, Scruggs and Scruggs Firm undertook representation of Cori and Kerri Rigsby, sisters who adjusted insurance claims advanced by policyholders of State Farm Insurance Company (hereinafter "State Farm") in Mississippi resulting from damage associated with Hurricaine Katrina. The Rigsby sisters are "whistleblowers" who procured evidence and

data from State Farm which they believed established fraud against policyholders and the treasury of the United States.

### III.

In April, 2006, Scruggs and Scruggs Firm filed a *qui tam* action in federal court per the False Claims Act on behalf of the Rigsby sisters against State Farm. Thereafter in 2006 and 2007, Scruggs and Scruggs Firm represented the Rigsby sisters as witnesses in connection with litigation filed by Scruggs and Scruggs Firm against State Farm on behalf of certain policyholders.

### IV.

Beginning in July of 2006, Scruggs and Scruggs Firm employed the Rigsby sisters as consultants to advise Scruggs, Scruggs Firm, and SKG with respect to Katrina-related claims advanced against various insurance companies and other matters.

### V.

SKG was a Mississippi joint venture organized by Scruggs and Scruggs Firm to involve other law firms in Katrina-related litigation against insurance companies. Scruggs Firm was the principal joint venturer. *The SKG Joint Venture Agreement (Bates numbers 000001 – 000006) is attached hereto as Exhibit "A" and incorporated herein by reference.*

*Litigation Against the Rigsby Sisters*

**VI.**

In 2006, the former employer of the Rigsby sisters, a company that provided adjusters to State Farm for Katrina-related claims, filed suit against the Rigsbys in Alabama federal court seeking damages flowing from the Rigsbys' production of Katrina-related State Farm documents to Scruggs and Scruggs Firm and further seeking injunctive relief requiring the return of those documents. When the Rigsby sisters were sued in this action, Scruggs and Scruggs Firm agreed to indemnify and hold the Rigsby sisters harmless from the litigation and specifically agreed to, among other things, pay for all legal fees and expenses the Rigsbys incurred in defense of the litigated matter and in related matters in which they were witnesses.

**VII.**

In July, 2007, the Alabama federal court involved in the Rigsby litigation appointed private prosecutors to prosecute Scruggs and Scruggs Firm for criminal contempt arising out of the court's finding of probable cause to believe that Scruggs and Scruggs Firm intentionally violated the court's earlier injunction order regarding return of the State Farm Katrina-related documents the Rigsbys had provided to them. The Rigsbys

were witnesses called to testify about facts underlying the contempt dispute.

## VIII.

In August, 2007, Scruggs and other representatives of Scruggs Firm contacted Zuckerman Spaeder and specifically requested the firm to take over representation of the Rigsby sisters in the Alabama federal litigation and in other matters in various venues.

### *SKG Guaranty of Payment of Zuckerman Spaeder Fees and Expenses*

## IX.

By letter agreement dated September 9, 2007, the Rigsby sisters retained Zuckerman Spaeder for legal representation in the Alabama federal litigation and other matters. *The September 9, 2007, letter agreement (Bates numbers 000007 – 000010) is attached hereto as Exhibit "B" and incorporated herein by reference.*

## X.

By letter dated September 13, 2007, Zuckerman Spaeder forwarded the firm's fee and expense contract with the Rigsby sisters to Scruggs. *The September 13, 2007, letter (Bates number 000011) is attached hereto as Exhibit "C" and incorporated herein by reference.* On September 26, 2007, Scruggs

endorsed the September 13, 2007, letter acknowledging the obligation of SKG to pay all of Zuckerman Spaeder's fees and expenses in association with representation of the Rigsby sisters. SKG's guaranty of Zuckerman Spaeder's fees and expenses was in addition to, but did not supplant, the indemnity protection to which Scruggs and Scruggs Firm had agreed to provide concerning payment of fees and expenses incurred by the Rigsbys.

## XI.

For a period of time thereafter, through checks drawn on a Scruggs Firm account, Scruggs and Scruggs Firm paid the fees and expenses billed by Zuckerman Spaeder for representing the Rigsby sisters. The invoices were paid by Scruggs and Scruggs Firm without protest or objection. *Checks from Scruggs Firm to Zuckerman Spaeder in payment of fees and expenses (Bates numbers 000012 – 000013) are attached hereto as composite Exhibit "D" and incorporated herein by reference.*

### *Confirmation of Agreement by Scruggs and Scruggs Firm to Pay Zuckerman Spaeder's Fees and Expenses*

## XII.

As alleged above, when the Rigsby sisters were initially sued in 2006 (prior to the retention of Zuckerman Spaeder), Scruggs and Scruggs Firm agreed to indemnify the Rigsby sisters

and pay for all legal fees and expenses they incurred in defense of the Alabama federal litigation and in other matters.

**XIII.**

During the course of the Alabama federal litigation, the Rigsbys informed the court that Scruggs and Scruggs Firm had agreed to pay all of their legal fees and expenses.  In a memorandum submitted by the Rigsby sisters to the court, the Rigsbys indicated, "Mr. Scruggs will pay the attorneys' fees and any judgment in this action."  *See memorandum (Bates numbers 000014 – 000026) attached hereto as Exhibit "E" (at Bates number 000022) and incorporated herein by reference.*

**XIV.**

At a December 14, 2007, hearing, the Alabama federal court inquired of counsel for Scruggs and Scruggs Firm regarding their agreement to pay the legal fees and expenses of the Rigsby sisters as follows, "I believe that the Rigsbys in their motion and papers have indicated that Scruggs has indemnified them in the [Alabama] case in all of its aspects.  Would you concede that?", and counsel for Scruggs and Scruggs Firm responded to the court as follows:  "Yes, your Honor."  *See excerpted pages of hearing transcript (Bates numbers 000027 – 000038) attached hereto as Exhibit "F" (at Bates number 000035) and incorporated herein by reference.*

**XV.**

Following the December 14, 2007, hearing in Alabama federal court, the court asked counsel for the Rigsby sisters (including Zuckerman Spaeder) for clarification concerning the obligation of Scruggs and Scruggs Firm to pay all of the Rigsby's legal fees and expenses. Counsel of record for Scruggs and Scruggs firm acknowledged to counsel for the Rigsby sisters (including Zuckerman Spaeder) that the agreement of Scruggs and Scruggs Firm to pay all of the Rigsbys' legal fees and expenses had existed since the inception of the Alabama federal litigation in 2006.

**XVI.**

In a memorandum filed in Alabama federal court on December 21, 2007, by counsel for the Rigsby sisters (including Zuckerman Spaeder), the Rigsbys notified the court as follows concerning the obligation of Scruggs and Scruggs Firm to pay all of their legal fees and expenses: "There is no written indemnity agreement between the Rigsbys and Mr. Scruggs. The Rigsbys and Mr. Scruggs have confirmed that each understands and have understood since this case began that Mr. Scruggs will satisfy any liability the Rigsbys may have to pay fees, expenses, or other obligations, including satisfaction of a judgment." *See memorandum (Bates numbers 000039 – 000044) attached hereto as*

*Exhibit "G" (at Bates number 000039) and incorporated herein by reference.* This memorandum was reviewed and approved by counsel for Scruggs and Scruggs Firm prior to filing and was served upon said counsel in the Alabama federal litigation without objection.

### *Zuckerman Spaeder's Representation of the Rigsbys and Breach by Scruggs and Scruggs Firm*

### XVII.

Throughout the course of Zuckerman Spaeder's representation of Cori and Kerri Rigsby, Scruggs and other members of Scruggs Firm consulted with, and were actively involved in, the representation of the Rigsby sisters through consultation with various members of Zuckerman Spaeder. Scruggs spoke with Zuckerman Spaeder attorneys regarding the representation and met with one firm attorney, offering the use of one of his airplanes if such was needed in the representation of the Rigsbys.

### XVIII.

Even though Scruggs and Scruggs Firm paid Zuckerman Spaeder's initial invoices through funds drawn from a Scruggs Firm account without protest or objection, Scruggs and Scruggs Firm did not pay invoices beginning with the November, 2007, invoice, and, through invoices for billed services through April, 2008, Zuckerman Spaeder has accumulated $1,332,784.02 in

unpaid and billed legal fees and $89,856.71 in unpaid and billed expenses (including significant expenses for expert witnesses). Zuckerman Spaeder has also accumulated $23,366.52 for unpaid and unbilled time and expenses incurred in providing professional services for the Rigsbys in May, June, and July, 2008.

## XIX.

As a consequence of the nonpayment by Scruggs and Scruggs Firm, Zuckerman Spaeder was forced to withdraw as counsel for the Rigsby sisters in the Alabama federal litigation and in other related matters. Zuckerman Spaeder discontinued its representation of the Rigsbys in most matters once courts entered orders permitting withdrawal in those matters. This occurred after court imposed deadlines had been satisfied and continued representation of the Rigsby sisters had been arranged. Zuckerman Spaeder continues in its representation of the Rigsbys in an appeal to the United States Court of Appeals for the Fourth Circuit concerning an order by the federal district court quashing a subpoena *duces tecum* to the Rigsbys' internet service provider.

## FIRST CLAIM: BREACH OF RATIFIED ORAL CONTRACT

## XX.

Paragraphs I. through XIX. are incorporated herein pursuant to Rule 10(c) of the Federal Rules of Civil Procedure.

## XXI.

For good and valuable consideration, including the provision of legal services desired and requested by Scruggs and Scruggs Firm for their clients and employees, the Rigsby sisters, Scruggs and Scruggs Firm made an oral contract to pay all legal fees and expenses incurred by the Rigsby sisters, including the fees and expenses of Zuckerman Spaeder.

## XXII.

Scruggs and Scruggs Firm orally contracted with the Rigsby sisters and with Zuckerman Spaeder to pay all legal fees and expenses incurred by the Rigsby sisters, and Zuckerman Spaeder was a third party beneficiary of the oral contract between Scruggs/Scruggs Firm and the Rigsbys.

## XXIII.

In agreeing to represent Cori and Kerri Rigsby, Zuckerman Spaeder relied upon repeated representations and promises by Scruggs and Scruggs Firm that all fees and expenses incurred on behalf of the Rigsby sisters would be paid by Scruggs and Scruggs Firm. In reliance upon these representations and oral contracts, Zuckerman Spaeder fully performed all legal services envisioned by the multiple representations and contracts and specifically requested by Scruggs and Scruggs Firm and incurred substantial out of pocket expenses for travel, expert witnesses,

transcripts, and other matters in providing appropriate legal services to the Rigsbys.

## XXIV.

Scruggs and Scruggs Firm expressly and impliedly affirmed and ratified their oral contracts with the Rigsby sisters and with Zuckerman Spaeder to pay all fees and expenses incurred by the Rigsby sisters. The oral contract between Zuckerman Spaeder and Scruggs and Scruggs Firm for the payment of applicable fees and expenses is legally enforceable. Further, Scruggs and Scruggs Firm are estopped to deny the contract or their obligations to pay Zuckerman Spaeder for said fees and expenses.

## XXV.

Without excuse or justification, Scruggs and Scruggs Firm breached the contracts to pay Zuckerman Spaeder's fees and expenses incurred in representing to the Rigsby sisters.

## XXVI.

As an actual and proximate consequence of the breach of contract by Scruggs and Scruggs Firm, or, alternatively, based on the doctrine of promissory or equitable estoppel, Zuckerman Spaeder has been damaged to the extent of: $1,332,784.02 in unpaid and billed legal fees; $89,856.71 in unpaid and billed expenses; and $23,366.52 in unpaid and unbilled legal fees and expenses. These figures take into account the fees and expenses

paid to date ($400,000.00 of the agreed upon $750,000.00) by two SKG joint venturers.

## SECOND CLAIM: BREACH OF WRITTEN CONTRACT

### XXVII.

Paragraphs I. through XIX. are incorporated herein pursuant to Rule 10(c) of the Federal Rules of Civil Procedure.

### XXVIII.

On behalf of SKG, and to induce Zuckerman Spaeder to represent the Rigsby sisters, Scruggs executed a written guaranty of payment of Zuckerman Spaeder's fees and expenses for representation of the Rigsbys. *See Exhibit "C".*

### XXIX.

In consideration of and in reliance upon that guaranty, Zuckerman Spaeder provided competent and appropriate legal services for the Rigsby sisters, incurred expenses in connection therewith, and fully performed all legal services envisioned by the guaranty and requested by Scruggs and Scruggs Firm.

### XXX.

SKG, Scruggs, and Scruggs Firm breached the guaranty contract by failing to pay all of Zuckerman Spaeder's fees and expenses, despite demand for payment under the guaranty agreement.

**XXXI.**

There was no justification or excuse for the breach of the guaranty agreement by SKG, Scruggs, or Scruggs Firm.

**XXXII.**

As an actual and proximate consequence of the breach of contract by Scruggs and Scruggs Firm, Zuckerman Spaeder has been damaged to the extent of: $1,332,784.02 in unpaid and billed legal fees; $89,856.71 in unpaid and billed expenses; and $23,366.52 in unpaid and unbilled legal fees and expenses. These figures take into account the fees and expenses paid to date ($400,000.00 of the agreed upon $750,000.00) by two SKG joint venturers.

**XXXIII.**

Scruggs and Scruggs Firm are liable for Zuckerman Spaeder's fees and expenses because: (a) SKG was a joint venture, which is a limited purpose partnership; (b) Scruggs Firm was a joint venturer or partner jointly and severally liable for the venture's obligations and contracts; and (c) Scruggs was and is the principal member of Scruggs Firm.

## DEMAND FOR ATTORNEYS' FEES

**XXXIV.**

Zuckerman Spaeder made written demand upon Scruggs and Scruggs Firm more than 30 days prior to the filing of this

counterclaim in accord with MISS. CODE ANN. §11–53–81 (1972, as amended), and the total amount owed Zuckerman Spaeder remains past due, and thus, Scruggs and Scruggs Firm are liable, pursuant to said statutory provision, to Zuckerman Spaeder for its reasonable attorneys' fees incurred in collecting the indebtedness.

## JURY DEMAND

### XXXV.

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Zuckerman Spaeder demands trial by jury of all issues properly triable to a jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Zuckerman Spaeder prays for a judgment in its favor against Scruggs and Scruggs Firm, jointly and severally as follows:

a. Monetary damages, according to proof, in an amount not less than $1,446,007.25 (this amount may be reduced by any future payments made, per agreement, by other SKG joint venturers);

b. Prejudgment interest to be calculated at the time of entry of judgment;

c. Post-judgment interest;

d. Attorneys' fees incurred by Zuckerman Spaeder in prosecuting this action; and

e. All other legal and equitable relief and damages to which Zuckerman Spaeder is entitled.

**AND NOW,** having fully answered the Complaint for Declaratory Relief, paragraph by paragraph, and having set forth the affirmative defenses herein, Zuckerman Spaeder respectfully requests that the Complaint for Declaratory Relief be dismissed with prejudice with all costs assessed to Scruggs and Scruggs Firm. Further, Zuckerman Spaeder respectfully requests that a judgment be entered in its favor pursuant to the counterclaim set forth herein.

RESPECTFULLY SUBMITTED,

ZUCKERMAN SPAEDER LLP,
Defendant/Counterplaintiff

By: /s/ John G. Wheeler
    JOHN G. WHEELER
    Mississippi Bar No. 8622

OF COUNSEL:

MITCHELL, MCNUTT & SAMS, P.A.
105 SOUTH FRONT STREET
POST OFFICE BOX 7120
TUPELO, MISSISSIPPI 38802-7120
662-842-3871

**CERTIFICATE OF SERVICE**

I, John G. Wheeler, attorney for the defendant/ counterplaintiff, Zuckerman Spaeder LLP, do hereby certify that I have this day electronically served a true and correct copy of the above and foregoing ANSWER, DEFENSES AND COUNTERCLAIM OF ZUCKERMAN SPAEDER LLP on counsel of record as follows:

> J. Cal Mayo, Jr., Esq.
> Pope S. Mallette, Esq.
> Mayo Mallette, PLLC
> 2094 Old Taylor Road
> 5 University Park
> Post Office Box 1456
> Oxford, Mississippi 38655

DATED, this the 15th day of July, 2008.

/s/ John G. Wheeler
JOHN G. WHEELER
